**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AUTO CLUB INSURANCE
ASSOCIATION,

      Plaintiff,

v.                                                                    Case No. 3:20-cv-955-BJD-JRK

TYRAH JACKSON, TREVONTAY
COOPER, DRAGAN DORDEVIC,
and FATIMA ZULOVIC, as Special
Representative of the Estate of
Miralem Zulovic,

      Defendants.

_____

**O R D E R**

**I.   Status**

This cause is before the Court on Plaintiff's Unopposed Motion for a Final

Declaratory Judgment on the Pleadings (Doc. No. 64; "Motion"), filed March 11,

2021. On April 2, 2021, the Honorable Brian J. Davis, United States District

Judge, referred the Motion to the undersigned for an appropriate resolution.

See Order (Doc. No. 72). Upon due consideration and for the reasons stated

below, the undersigned finds the Motion is due to be denied.[1]

---

[1]     Although Defendants do not oppose the Motion, the undersigned considers the
merits of the Motion in light of its dispositive nature and the pro se status of Dragan Dordevic
and Fatima Zulovic. See, cf., Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008)

(Continued…)

## II. Procedural Background

Plaintiff commenced this action on August 26, 2020 by filing a Complaint for Declaratory Judgment and Demand for Jury Trial (Doc. No. 1). On August 28, 2020, Plaintiff filed an Amended Complaint for Declaratory Judgment and Demand for Jury Trial (Doc. No. 4). With leave of Court, see Order (Doc. No. 40), Plaintiff filed a Second Amended Complaint for Declaratory Judgment and Demand for Jury Trial (Doc. No. 42; "Second Amended Complaint") on February 16, 2021.

Defendants thereafter filed their respective answers to the Second Amended Complaint. See Defendant Dragan Dordevic's Answer to Plaintiff's Second Amended Complaint and Demand for Jury Trial (Doc. Nos. 58-2; "Dordevic Answer"), filed March 1, 2021; Defendant Fatima Zulovic, as Special Representative of the Estate of Miralem Zulovic's, Answer to Plaintiff's Second Amended Complaint and Demand for Jury Trial (Doc. No. 59; "Zulovic Answer"), filed March 1, 2021; Defendants' Tyrah Jackson and Trevontay Cooper Amended Answer to Plaintiff's Second Amended Complaint for Declaratory Judgment and Demand for Jury Trial (Doc. No. 60; "Jackson and Cooper Answer"), filed March 2, 2021.

---

(recognizing that "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion" (citation omitted)); Smith v. W. Ga. Med. Ctr., No. 3:15-CV-29-TCB, 2015 WL 13650009, at *2 (N.D. Ga. June 1, 2015) (unpublished) (finding it appropriate to consider the merits of a motion for judgment on the pleadings that was deemed unopposed by the pro se defendant's failure to respond; collecting cases).

As noted, the Motion was then filed. On May 11, 2021, Plaintiff filed a Motion for Final Summary Judgment (Doc. No. 76) that is also pending before the Court.

## III.   Second Amended Complaint

This case arises out of an automobile accident involving Tyrah Jackson, Trevontay Cooper, Dragan Dordevic, and a van owned by Miralem Zulovic (the deceased spouse of Fatima Zulovic).[2] The Second Amended Complaint alleges as follows.

On January 20, 2019, Miralem Zulovic (on behalf of his company, Gira Gacko, Inc.) entered into a Contract Agreement with Basic Logistics, Inc. for the transportation of goods. Second Amended Complaint at 3 ¶ 11, Ex. F (Doc. No. 42-6) (Contract Agreement). Mr. Dordevic was hired to transport goods pursuant to the Contract Agreement. Id. at 4 ¶ 12. On around March 14, 2019, Mr. Dordevic was transporting "persons or property for compensation or a fee" using a van owned by Miralem Zulovic. Id. at 1 ¶ 1, 4 ¶¶ 13-14. While driving the van that day, Mr. Dordevic collided with a vehicle driven by Ms. Jackson. Id. at 1 ¶ 1. Mr. Cooper was a passenger in Ms. Jackson's vehicle. Id.

The van was listed as a vehicle under an automobile insurance policy ("Policy") issued in Illinois by Plaintiff to Miralem Zulovic. Id. ¶ 2, 4 ¶ 14, Ex. A

---

[2]     For ease of discussion, the undersigned refers to the Zulovics by their first and last names.

(Doc. No. 42-1; "Policy").[3] The Policy contained the following "commercial-use exception":

> **Bodily Injury** and **Property Damage** Not Covered. The Liability Coverage does not cover:
>
> . . . .
>
> d. **bodily injury** or **property damage** while an **insured car** is used to <u>carry persons or property for compensation or a fee</u>, including, but not limited to delivery of magazines, newspapers, food, or any other products. This exclusion does not apply to a share-the-expense car pool[.]

<u>Id.</u> at 2 ¶ 4 (emphasis added and omitted) (quoting Policy at 5 ¶ 4).[4]

Ms. Jackson and Mr. Cooper each filed a lawsuit in a Florida state court against Mr. Dordevic and Miralem Zulovic for damages arising out of the motor-vehicle accident. <u>Id.</u> ¶¶ 5-6.[5] On January 20, 2020 (while the state court cases were pending and before the instant case was filed), Miralem Zulovic died. <u>Id.</u> ¶ 7. Fatima Zulovic is the surviving spouse of Miralem Zulovic. <u>Id.</u> at 3 ¶ 8.[6]

Plaintiff brings this action against Ms. Jackson, Mr. Cooper, Mr. Dordevic, and Fatima Zulovic, seeking a "declaratory judgment declaring that

---

[3] The Policy is located on pages 12-30 of Exhibit A of the Second Amended Complaint.

[4] The citation to the Policy follows the pagination of the Policy itself.

[5] Ms. Jackson's case and Mr. Cooper's case were consolidated on November 30, 2020. Second Amended Complaint at 3 ¶ 9.

[6] On June 3, 2021, the Court appointed Fatima Zulovic as special representative for the purpose of defending this action in the name of Miralem Zulovic. <u>See</u> Order (Doc. No. 78) (granting Plaintiff's Motion to Appoint Fatima Zulovic as Special Representative for the Estate of Miralem Zulovic (Doc. No. 19), filed November 6, 2020).

it is under no obligation to defend and/or indemnify [the estate of Miralem Zulovic] or [Mr. Dordevic] with respect to the lawsuits brought against them by [Ms.] Jackson and [Mr.] Cooper" in state court. Id. at 6 (some capitalization omitted).

## IV.    Standard

Under Rule 12(c), Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, the Court generally limits its review to the pleadings and any exhibits attached thereto. See Horsley v. Feldt, 304 F.3d 1125, 1134-35 (11th Cir. 2002); Fed. R. Civ. P. 12(d). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted); see also Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001).

In considering a motion for judgment on the pleadings, courts must "accept as true all material facts alleged in the non-moving party's pleading, and . . . view those facts in the light most favorable to the non-moving party." Perez, 774 F.3d at 1335 (citation omitted); see also Hart v. Hodges, 587 F.3d 1288, 1290 n.1 (11th Cir. 2009). "If a comparison of the averments in the

5

competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Perez, 774 F.3d at 1335 (citation omitted).

## V.  Discussion

In support of its request for judgment on the pleadings, Plaintiff asserts "all parties admit that, at the time of the motor-vehicle accident, the insured vehicle [(the van)] was being used to transport property for compensation or a fee." Motion at 7; see also id. at 2 (stating that "all four Defendants answered [Plaintiff's] [S]econd [A]mended [C]omplaint by admitting all the allegations therein"). This is inaccurate. Although all Defendants admit that the Policy states it does not cover bodily injury while an insured vehicle is used to carry property for compensation or a fee, only Ms. Jackson, Mr. Cooper, and Mr. Dordevic admit that Mr. Dordevic was driving the van for compensation or a fee. See Second Amended Complaint at 2 ¶ 4, 4 ¶ 13; Dordevic Answer at 2 ¶¶ 4, 13;[7] Zulovic at 2 ¶¶ 4, 13; Jackson and Cooper at 1 ¶ 1.

In her Answer, Fatima Zulovic states she is "[w]ithout sufficient knowledge to admit or deny" that Mr. Dordevic was driving the van for compensation or a fee. Zulovic at 2 ¶ 13; Second Amended Complaint at 4 ¶ 13. Such a statement "has the effect of a denial," Fed. R. Civ. P. 8(b)(5), and must be accepted as true, see Perez, 774 F.3d at 1335. Whether Mr. Dordevic was

---

[7]     Mr. Dordevic's Answer contains unnumbered pages. The citation to it follows the pagination assigned by the Court's electronic filing system (CM/ECF).

driving for compensation or a fee is a material fact that is therefore in dispute.

Accordingly, judgment on the pleadings is inappropriate. See id.; see also

Dempsey v. City of Lawrenceburg, No. CIV. A. 3:09-33-DCR, 2010 WL 3633872,

at *1-2 (E.D. Ky. Sept. 14, 2010) (unpublished) (denying motion for judgment

on the pleadings because the third party defendant had insufficient knowledge

or information to admit or deny a material fact alleged in the third party

complaint).[8]

## VI.   Conclusion

Based on the foregoing, it is

**ORDERED**:

Plaintiff's Unopposed Motion for a Final Declaratory Judgment on the

Pleadings (Doc. No. 64) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on June 22, 2021.

_____
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record
Pro Se Parties

---

[8]     The pending Motion for Final Summary Judgment contains "additional factual information by citation to affidavits and the deposition transcript of the vehicle's driver," which according to Plaintiff shows "that the van was involved in the subject motor-vehicle accident while being used for the transportation of property for compensation or a fee . . . ." Motion for Final Summary Judgment at 2.